CHRISTINE K. PHILLIPS,

        Plaintiff,

    v.                                                    **COMPLAINT**
                                                                Case Number: 2:21-cv-143

LEICA BIOSYSTEMS, INC.

        Defendant.

Plaintiff, Christine K. Phillips, through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Kelsey R. S. Kerr, in this Complaint alleges and shows to the Court, as follows:

### NATURE OF THE CASE

1.      Plaintiff, Christine K. Phillips, alleges that Defendant, Leica Biosystems, Inc. violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq.*] by interfering with her FMLA leave and terminating her employment because of her FMLA-protected absences.

### JURISDICTION AND VENUE

2.      Original jurisdiction over Defendant exists in this Court pursuant to 28 U.S.C. § 1332.

### CONDITIONS PRECEDENT

3.      All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

4.     Plaintiff demands that her case be tried to a jury of her peers.

**PARTIES**

5.     Plaintiff, Christine K. Phillips, is an adult who resides at 16 Ridgway Court, Unit C, Elkhorn, WI  53121.

6.     Leica Biosystems, Inc. ("Leica") is a privately-held Illinois corporation, with its principal place of business located at 1700 Leider Lane, Buffalo Grove, IL 60089, which provides anatomic pathology laboratories and researchers products for sample preparation, staining, imaging and reporting, including services within Wisconsin.

**OPERATIVE FACTS**

7.     Ms. Phillips commenced employment with Leica in April 2017 as a Human Resources Generalist.

8.     In the course of her job, Ms. Phillips reported to Cheryl Gudella.

9.     Ms. Phillips suffers from cognitive functioning problems following an accident that caused her to suffer brain bleed.

10.     Ms. Phillips received extensive cognitive and physical therapy treatment for her injuries.

11.     Ms. Phillips filed for and was granted 480 hours of FMLA leave from Leica.

12.     Ms. Phillips began to use her FMLA leave at the end of February 2019.

13.     Ms. Phillips used her FMLA leave intermittently to attend doctor appointments.

14.     Ms. Gudella mandated that Ms. Phillips not schedule her doctor appointments during the workday and frequently complained about Ms. Phillips missing work for doctor appointments.

15.     Ms. Phillips missed some of her doctor appointments as a result of Ms. Gudella's demands and complaints.

16.     Ms. Gudella forced Ms. Phillips to make up any of the FMLA time she used to attend her doctor appointments.

17.     In March 2019, Ms. Gudella began sending Ms. Phillips e-mails regarding her work restrictions, FMLA time used, and amount of work generated.

18.     Ms. Gudella's requests were redundant and time consuming as Ms. Phillips had already been completing the required FMLA tracker form that contained the same information.

19.     Leica placed Ms. Phillips on a Performance Improvement Plan ("PIP") to be completed between June 12, 2019 and September 12, 2019.

20.     The dates of the PIP directly overlapped with Ms. Phillips' approved FMLA time.

21.     Throughout the duration of the PIP, Ms. Phillips requested additional training in order to meet Leica's expectations.

22.     Ms. Phillips was continually denied training opportunities.

23.     On or about September 16, 2019, Leica terminated Ms. Phillips.

24.     At the time of her termination, Ms. Phillips was still intermittently using her FMLA leave and had 402 hours of her FMLA leave remaining.

25.     Leica was covered by the FMLA.

26.     Ms. Phillips was entitled to leave under the FMLA.

27.     Ms. Phillips provided sufficient notice of her intent to take FMLA-qualifying leave.

28.     Ms. Phillips began taking intermittent FMLA leave in February 2019 and was continuing to take intermittent leave at the time of her termination for her serious health condition.

29.     Leica interfered with Ms. Phillips' exercise of her FMLA rights.

30.     Ms. Phillips' protected conduct under the FMLA motivated Leica to terminate Ms. Phillips' employment.

31.     Leica's termination of Ms. Phillips has caused her monetary and non-monetary damages.

**FIRST CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION § 2615(a)(2)**

32.     As and for a first claim for relief, Ms. Phillips re-asserts the allegations recited above in paragraphs 1, 3, 5-31 and fully incorporates those paragraphs herein by reference.

33.     Leica violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Ms. Phillips on account of her activity that would be protected by the FMLA.

34.     The allegations more particularly described above regarding the intentional discriminatory practices of Leica, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

35.     Leica's violation of 29 U.S.C. § 2615(a)(2) caused Ms. Phillips to suffer a loss of employment compensation and other damages.

36.     As and for a second claim for relief, Ms. Phillips re-asserts the allegations recited above in paragraphs 1, 3, 5-31, and fully incorporates those paragraphs herein by reference.

37.     Leica deprived Ms. Phillips of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Leica was covered by the FMLA, Ms. Phillips was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA-qualifying leave, and Leica denied her FMLA benefits to which she was entitled.

38.     The allegations more particularly described above regarding the intentional discriminatory practices of Leica, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

39.     Leica's violation of 29 U.S.C. § 2615(a)(1) caused Ms. Phillips to suffer a loss of employment compensation and other damages.

WHEREFORE Plaintiff demands relief as follows:

A.     judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

B.     judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses pursuant to 29 U.S.C. § 2617;

5

C.      judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees pursuant to 29 U.S.C. § 2617;

D.      judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E.      judgment against the above-named Defendant requiring it to reinstate Plaintiff's employment pursuant to 29 U.S.C. § 2617;

F.      such other relief as the court deems just and equitable.

Dated this <u>4th</u> day of February, 2021.

<u>/s/Alan C. Olson</u>
Alan C. Olson, SBN: 1008953
Kelsey R. S. Kerr, SBN: 1113700
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: <u>AOlson@Employee-Advocates.com</u>
Email: <u>KKerr@Employee-Advocates.com</u>